Belknap,
No. 4740.

JOSEPH P. NADEAU

*v.*

ROBERT H. IRWIN MOTORS, INC.

Argued June 2, 1959.

Decided July 10, 1959.

*Harold E. Wescott* (by brief and orally), for the plaintiff.

*Bernard I. Snierson* and *John P. Chandler* (*Mr. Chandler* orally), for the defendant.

Lampron, J.  "The Uniform Sales Act gives the buyer of goods a right to rescind the sale and obtain restitution for the amount paid the seller on the grounds of breach of warranty.  I A Uniform Laws Annotated 295; RSA 346:69 I (d)."  *Pineau* v. *White*, 101 N. H. 119, 120.

It is not necessary to decide whether the so-called "One Year Bond" constitutes an express warranty under RSA 346:12 as we are of the opinion that an implied warranty of fitness (RSA 346:15 I) could be found on the evidence and was in no way precluded by the express provisions of the "Bond."  RSA 346:15 VI.  Plaintiff never had any mechanical experience concerning cars.  He was buying a

used car. After trying it out he told the salesman there was a noise in the motor and the latter agreed to repair it. Plaintiff signed the agreement of purchase in reliance on that assurance. The "Bond" given to plaintiff at the time of purchase stated that defendant "has inspected the above vehicle and certifies that in its opinion the parts hereinafter specified [including the motor] are in good working order and condition." This statement was not inconsistent with the promise made by defendant's salesman that the noise in the motor would be fixed. RSA 346:15 I, VI. This evidence was sufficient to establish an implied warranty of fitness. *Pineau* v. *White, supra.*

There was noise in the motor after plaintiff received delivery of the car. He took it to defendant's garage the following week and on several occasions thereafter with complaints about it. There was evidence that "in order to have that car right, it would have to have a short block assembly." The motor had not been fixed on July 25, 1956. Plaintiff and his wife testified Mr. Irwin told them "he already had put all the money into the car that he was going to, that it was a lemon, that he wasn't going to do any more repairs to it." On this evidence the Court was warranted in finding a breach of the implied warranty of fitness. *Clover &c. Co.* v. *Smith Co.,* 96 N. H. 491.

Where rescission takes place after acceptance, the buyer must return or offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer and the buyer must "notify the seller within a reasonable time of the election to rescind." RSA 346:69 III. Plaintiff did not notify defendant of his intention to rescind until July 25, 1956. However he was in defendant's garage complaining about the noise in the motor within one week of August 15, 1955, the date of purchase. At one time he "had been in and out of the garage practically every week or every other week." Mr. Irwin had the car in the garage "part of the time" although plaintiff knew about the noise from the beginning "What I was trying to do was get the car fixed." The car had been driven about 1,000 miles while plaintiff had it. On this evidence it was a question of fact for the Trial Court whether plaintiff notified the defendant within a reasonable time of his intention to rescind and whether the car was in substantially as good a condition as it was at the time of sale. 72 A. L. R. 726, 745; 77 A. L. R. 1165, 1187; 41 A. L. R. (2d) 812, 825; *Id.,* 1173, 1196.

There being evidence on which the Trial Court could find an implied warranty of fitness, a breach thereof by the defendant and notification to it by plaintiff within a reasonable time of his election to rescind, defendant's exception to the denial of its motion to set aside the verdict is overruled.

*Judgment on the verdict.*

All concurred.